IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN MANNING, et al. | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:12-cv-01802-CKK |
| | ) | |
| JOHN McHUGH, Secretary of the Army, et al. | ) | Dated: February 13, 2013 |
| | ) | |
|     Defendants. | ) | |

**FIRST STATUS REPORT REGARDING SERVICE OF PROCESS ON NASSER AL-AULAQI AND JOHN DOES ##1-6 AND MOTION FOR EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 4(m)**

Plaintiffs, through their counsel DINSMORE & SHOHL LLP and NEAL M. SHER, ESQ., hereby file this status report regarding service of process on defendants NASSER AL-AULAQI as personal representative of the Estate of ANWAR AL-AULAQI and on JOHN DOES 1-6 in their individual capacities and move for a ninety day extension of extension of time to complete service of process on these defendants pursuant to F ED. R. CIV. P. 4(m), as directed by the Court pursuant to its Order dated February 11, 2013.

1. On February 11, 2013, this Court ordered Plaintiffs to file a status report with the Court indicating why service of process has not been made with respect to Nasser al-Aulaqi as personal representative of the Estate of Anwar al-Aulaqi (collectively "Aulaqi"); and John Does 1–6, who were at all times relevant were respectively employees of the Army, the Department of Defense and the Federal Bureau of Investigation.

2. To begin with, Plaintiffs anticipate being able to serve Aulaqi within ninety days. In an email dated February 6, 2013, Aulaqi's counsel in a case titled *al-Aulaqi et al v. Panetta, et al,* Case No. No. 1:12-cv-01192 (RMC), Arthur Spitzer of the American Civil Liberties Union of the Nation's Capital, advised Plaintiffs' counsel as follows:

> Mr. Al-Aulaqi…is taking the necessary steps to become the recognized foreign personal representative of his son's estate in the District of Columbia. This has been a lengthy process, with some of the delay attributable to the U.S. Embassy in Yemen. He now has an appointment there next month to have his Yemeni papers notarized, after which they can be filed in the Probate Division of the D.C. Superior Court. After the necessary formalities, he will be recognized as the foreign personal representative of his son's estate in the District of Columbia, and at that time I expect to become his D.C. agent for service of process regarding claims against his son's estate. Once that happens, I will be authorized to accept service of the summons and complaint in your lawsuit on his behalf. I'll be happy to let you know when I have that authority…. In an abundance of caution, I want to make clear that neither I nor any of the lawyers at the ACLU or the Center for Constitutional Rights will be representing Mr. Al-Aulaqi in your lawsuit, and that my acceptance of service in your case on his behalf will [not] constitute an appearance by any of us, or by Mr. Al-Aulaqi, in that lawsuit.

3. Plaintiffs also hope to serve John Does 1-6 within ninety days as well. The John Does' respective responsibilities and wrongful conduct were particularly described in the Senate Homeland Security Committee's "Ticking Time Bomb" and the Webster Commission reports, and these disclosures provided much of the information used to make the very specific allegations against them in Plaintiffs' Complaint. *See generally* Manning Complaint ("Manning Cmp.") ¶¶ 15, 17, 18, 20, 53, 56-58, 65, 67-69, 74, 76, 91(h)-(i), 167-172, 246-252, 256-258, 271-280.

4. However, although the government reports contained sufficient information to identify each John Doe's role in the Fort Hood terror attack, they did not disclose the John Does' names, and government security and confidentiality requirements have effectively blocked Plaintiffs' counsel's efforts to verify the John Does' respective identities and locations. For example, the Army, Department of Defense and Federal Bureau of Investigation have denied all of Plaintiffs' Freedom of Information Act requests regarding the Fort Hood terror attack. Although plaintiffs' counsel has received information leaked from inside the bureaucracy regarding the persons responsible for the special treatment received by Maj. Nidal Hassan, and

for the decision to elevate his career over and above the obvious and known risk he posed to the Plaintiffs, this information is difficult to verify.

5. However, Plaintiffs' counsel ought to be able to obtain the John Does' names and whereabouts from counsel for the Army, the Department of Defense and the Federal Bureau of Investigation (collectively the "government's counsel") once they have appeared in this matter and therefore, Plaintiffs' counsel hopes to be able to identify and serve each of the John Does within ninety days. If the government's counsel obstructs service by refusing to identify John Does 1-6 and by forcing Plaintiffs' counsel to obtain this information through discovery then Plaintiffs respectfully reserve the right to move for an order compelling disclosure and/or an additional extension of time for service.

6. Given the specificity of the Complaint's allegations against the John Does, the Plaintiffs' requested relief is proper and appropriate. *Compare* Manning Cmp. ¶¶ 15, 17, 18, 20, 53, 56-58, 65, 67-69, 74, 76, 91(h)-(i), 167-172, 246-252, 256-258, 271-280; *Landwehr v. FDIC,* 282 F.R.D. 1 (D.D.C. 2010)(an action may proceed against a John Doe provided the complaint contains specific allegations of wrongdoing that will allow for identification after "reasonable discovery")(citations omitted); *see also Mann v. Castiel,* 681 F.3d 368, 375 (D.C. Cir. 2012)("good cause" for extension of the time for service exists when some "outside factor" rather than inadvertence or negligence exists for the service of process delay); *Kurtz v. United States,* 798 F. Supp. 3d 285, 292-93 (D.D.C. 2011)("the plaintiff has not demonstrated that discovery would allow him to identify the unnamed defendants, he has not shown good cause for failing to serve these defendants in the appropriate time allowed under Rule 4(m)…Nor are the allegations in the complaint themselves specific enough to make it likely that discovery could

disclose the identities of the unnamed defendants and enable the plaintiff to proceed against them").[1]

WHEREFORE, Plaintiffs respectfully request that the Court grant their motion to extend the time for service for ninety days from the current deadline of March 5, 2013 to **June 5, 2013**.

Respectfully submitted,

| | |
|---|---|
| /s/ Reed D. Rubinstein | /s/ Neal M. Sher |
| Reed D. Rubinstein | Neal M. Sher |
| D.C. Bar No. 400153 | D.C. Bar No. NY0124 |
| DINSMORE & SHOHL LLP | LAW OFFICES OF NEAL M. SHER |
| 801 Pennsylvania Avenue, NW | 132 East 43rd Street |
| Suite 610 | Suite 304 |
| Washington, DC 20004 | New York, NY 10017 |
| Telephone: (202) 372-9100 | Telephone: (646) 201-8841 |
| reed.rubinstein@dinsmore.com | nealsher@gmail.com |

Of Counsel
Robert M. Zimmerman
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
robert.zimmerman@dinsmore.com

---

[1] *Kurtz* demonstrates that Plaintiffs' specific allegations against the John Does establish good cause for the requested relief. In *Kurtz*, the court denied a motion for extension of time under FED. R. CIV. P. 4(m) holding:

> Here, the complaint's allegations as to the "John Doe wrongdoers" are only that "other John Does" aided in "fabricating the grounds to claim authority on paper" to demand that he turn over his house to his mother and that "John Doe Sheriff Deputies carr[ied] out wrongs[.]" The complaint's sole allegation as to the John Doe Insurance Companies is that they "counsel[ed] felony unconstitutional wrongs and thefts of real and personal property with state and [county attorneys.]" Just as in *Landwehr*, the plaintiff's complaint here lacks sufficiently specific allegations of wrongdoing as to the unnamed defendants to allow him to proceed against them. The unnamed defendants therefore will be dismissed.

*Kurtz,* 798 F. Supp. 2d at 293. By contrast, Plaintiffs' complaint is replete with specific allegations of wrongdoing and an extension of time is appropriate. *Compare Kurtz, supra*; Pl. Cmp. ¶¶ 15, 17, 18, 20, 53, 56-58, 65, 67-69, 74, 76, 91(h)-(i), 167-172, 246-252, 256-258, 271-280.

**CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing First Status Report Regarding Service of Process on Nasser Al-Aulaqi and John Does #1-6 and Motion for Extension of Time Pursuant to Fed. R. Civ. P. 4(m) was electronically filed on February 13th, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

*/s/ Reed D. Rubinstein*
Reed D. Rubinstein

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MANNING, et al. )<br>    Plaintiffs, )<br>v. )<br>)<br>)<br>JOHN McHUGH, Secretary of the Army, )<br>et al. )<br>    Defendants. )<br>) | Civil Action No. 1:12-cv-01802-CKK |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO SERVE NASSAR AL-AULAQI AND JOHN DOES 1-6 PURSUANT TO FED. R. CIV. P. 4(m).

This matter is before the Court on Plaintiffs' First Status Report and Motion for Extension of Time to Serve Nassar Al-Aulaqi and John Does 1-6 pursuant to FED. R. CIV. P. 4(m).

Upon consideration of the representations therein, and having determined that the relief requested in Plaintiff's Motion is well-taken and appropriate, it is hereby ORDERED that the Motion is GRANTED in all respects. Plaintiffs shall serve the Complaint on Nassar al-Aulaqi and John Does 1-6 on or before **June 5, 2013**, or file a status report with the Court that indicates why service has not been made by that time.

SO ORDERED.

                                                                       Colleen Kollar-Kotelly
                                                                       DISTRICT JUDGE